UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRE LUIS MATEUS

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-03595 (AMO)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

This habeas action concerns the detention of Petitioner Andre Luis Mateus, a noncitizen who has lived in the United States since 2009. Dkt. No. 1 at 1. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. Dkt. Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and resolves his motion for a temporary restraining order as moot.[1]

## I. BACKGROUND

Petitioner is a native of Brazil who entered the United States on December 5, 2009 on an F-1 visa to pursue his degree at Utah Valley University and LDS Business College. Dkt. No. 1 at 1. Petitioner re-entered the United States on grants of advanced parole for school breaks multiple times between 2009 and 2017. *Id.* at 3; Dkt. No. 7-1 at 6. He last entered the United States on

[1] In setting a briefing schedule on the habeas petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together. Dkt. No. 5. Neither party objected to this approach their responses.

United States District Court
Eastern District of California

December 30, 2017 on a grant of advanced parole. Dkt. No. 1 at 1. Since his last entry he has pursued adjustment of status through a I-485 application, which Respondents contend was denied in 2019. Dkt. No. 7-1 at 6.

Petitioner was arrested by U.S. Immigrations and Customs Enforcement ("ICE") on March 28, 2026 following an arrest for driving under the influence. *Id.* at 7. Based on the records before the Court, it is unclear whether any charges have been filed with respect to that arrest. Following his arrest, Respondents contend that Petitioner was served with a notice to appear ("NTA"), charging him with inadmissibility under INA § 212(a)(7)(A)(i)(I) and setting a hearing for April 28, 2026. Dkt. No. 7-1 at 1–4. Petitioner contends in the petition, however, that he was never provided with a Notice to Appear and had not been given an immigration court date. Dkt. No. 1 at 3. Indeed, the certificate of service on the NTA is not signed by Petitioner, and instead includes a stamp on the signature line noting "REFUSED TO SIGN." Based on the immigration court docket, Petitioner's next immigration hearing is scheduled for August 12, 2026. *See* https://acis.eoir.justice.gov/en/.

Petitioner, proceeding pro se, filed the instant Habeas Petition challenging the lawfulness of his detention, and seeking immediate release. *See* Dkt. No. 1 at 5. In their response, Respondents rely entirely on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating Petitioner's detention, a position Petitioner disputes. *See* Dkt. No. 7 at 1 ("Section 1225(b)(2) provides for mandatory detention."); Dkt. No. 11 at 3.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III. DISCUSSION**

Petitioner asserts five claims for relief: that his detention without provision of a NTA, court date, or bond hearing violates due process (counts 1, 2); that his detention without provision of a bond hearing or explaining the statutory basis for his detention violates 8 U.S.C. §§ 1225 and 1226 (count 3); that the inconsistencies in his I-213 record render it inadmissible (count 4); and, that his current detention is causing irreparable harm (count 5). Because Petitioner's statutory claims regarding the applicability of 8 U.S.C. § 1226 entitles him to the full relief—namely, release from custody—the Court need not consider his remaining claims.

The primary disagreement between the Parties is whether 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a) controls Petitioner's detention. *See* Dkt. No. 7 at 1 ("Section 1225(b)(2) provides for mandatory detention."); Dkt. No. 11 at 3. This distinction matters because § 1225(b)(2) provides for mandatory detention, whereas § 1226(a) provides for certain safeguards to ensure that detention is warranted. *See Perez v. Lyons*, 823 F. Supp. 3d 1102, 1108 (E.D. Cal. 2026) (explaining that detention under § 1225 is mandatory, whereas § 1226 creates a discretionary framework under which noncitizens may be released on bond or conditional parole); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (explaining that issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)).

Courts throughout this Circuit, including this Court, have found that application of §1225(b)(2) to individuals—like Petitioner—who have lived in the country for many years "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*,

No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and that his detention, bond, and release are instead governed by § 1226(a).

"Petitioner was entitled to the procedures and rights afforded under § 1226(a), most notably, a bond hearing[,]" but was not provided any of those processes. *Perez v. Warden*, No. 2:26-CV-01335-DJC-AC, 2026 WL 788131, at *1 (E.D. Cal. Mar. 20, 2026) (ordering release where Petitioner was unlawfully detained under § 1225(b)(2)). As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2), and have not argued that Petitioner was lawfully detained pursuant to § 1226(a) or any other statutory authority, the appropriate remedy is Petitioner's immediate release.[2] *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119 (granting immediate release where Petitioner was unlawfully detained pursuant to Section 1225); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P.*, 2025 WL 3013328, at *7–8 (same); *Morillo v. Albarran*, No. 1:25-CV-01533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *6 (E.D. Cal. Dec. 22, 2025); *Najarro-Ortega v. Warden of the California City Det. Facility*, No. 1:26-CV-1994-DC-JDP, 2026 WL 1142838, at *4 (E.D. Cal. Apr. 28, 2026), *report and recommendation adopted*, No. 1:26-CV-01994-DC-JDP (HC),

[2] Similarly, Respondents have not argued that Petitioner's prior criminal conviction justifies his detention. Had Respondents detained him pursuant to the appropriate statutory authority—and afforded him with the proper process under that statute—this conviction may have been relevant.

2026 WL 1283365 (E.D. Cal. May 11, 2026); *Vazquez-Reyes v. Warden, California City Corr. Ctr.*, No. 1:26-CV-3122-DC-AC, 2026 WL 1481556, at *2–3 (E.D. Cal. May 27, 2026), *report and recommendation adopted*, No. 1:26-CV-03122-DC-AC (HC), 2026 WL 1661346 (E.D. Cal. June 9, 2026).

## IV. CONCLUSION AND ORDER

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Petitioner Andre Luis Mateus shall be released immediately from Respondents' custody.

2. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present at any such hearing.

3. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. This order resolves all pending motions.

5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 22, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge